UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL CLARK WALL,<br><br>Petitioner,<br><br>v.<br><br>RONALD DAVIS, Warden of San Quentin State Prison<br><br>Respondent. | Case No.: 18CV0858 CAB (PCL)<br><br>**DEATH PENALTY CASE**<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS;**<br><br>**(3) DENYING REQUEST FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE; AND**<br><br>**(3) DISMISSING CASE WITHOUT PREJUDICE** |

On May 3, 2018, Petitioner Randall Clark Wall filed a request for appointment of counsel to represent him in federal habeas corpus proceedings, a civil case cover sheet, and an accompanying declaration. (ECF No. 1.) Petitioner has also filed a motion for leave to proceed in forma pauperis ["IFP"]. (ECF No. 2.) For the reasons discussed below, the Court **GRANTS** the motion for leave to proceed IFP, **DENIES** the request for appointment of counsel without prejudice as premature, and **DISMISSES** the case without prejudice. Petitioner may refile his habeas action and renew his request for appointment of counsel after the conclusion of his pending proceedings.

## I. BACKGROUND

Petitioner pleaded guilty to first degree murder, four special circumstances (multiple murder, murders in the commission of a robbery, murders committed while lying in wait, and murders in the commission of first degree burglary), in addition to robbery, conspiracy to commit robbery, burglary, and conspiracy to commit burglary, and was sentenced to death. On November 13, 2017, the California Supreme Court affirmed the convictions and sentence on direct appeal. People v. Wall, 3 Cal. 5th 1048 (2017). According to the California Supreme Court's case information for Petitioner's direct appellate proceeding (Case No. S044693), on April 16, 2018, that Court received a "Letter from U.S.S.C., dated April 10, 2018, advising the application for an extension of time within which to file a petition for writ of certiorari in this case has been presented to Justice Kennedy, who on April 10, 2018, extended the time to and including June 22, 2018." (See Case No. S044693 at http://appellatecases.courtinfo.ca.gov/search.cfm?dist=0, last visited May 9, 2018.) The United States Supreme Court's website similarly reflects that Petitioner's current deadline for filing a petition for writ of certiorari is June 22, 2018. (See https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/17a1085.html, last visited May 9, 2018.)

On May 19, 2015, Petitioner filed a habeas petition (Case No. S226530) in the California Supreme Court accompanied by exhibits. An informal response was filed on January 19, 2016, and a reply was filed on March 24, 2017, also accompanied by exhibits. The state habeas petition remains pending before the California Supreme Court. (See Case No. S226530 at http://appellatecases.courtinfo.ca.gov/search.cfm?dist=0, last visited May 9, 2018.)

## II. REQUEST TO PROCEED IFP

With respect to the motion for leave to proceed in forma pauperis, Petitioner has attached a declaration and trust account statement which reflects that Petitioner has $0.00 in his account at San Quentin State Prison where he is presently confined. (ECF No. 2 at 4.) Petitioner cannot afford the $5.00 filing fee. Accordingly, the Court **GRANTS**

2

18cv0858

Petitioner's motion and allows Petitioner to proceed in the above-referenced matter without being required to prepay fees or costs and without being required to post security.

### III. REQUEST FOR APPOINTMENT OF COUNSEL

In a signed declaration dated March 21, 2018, Petitioner states that his direct appeal case is "closed" but notes that: "I believe that my appellate lawyer plans to file a petition for a writ of certiorari in the United States Supreme Court in the near future." (ECF No. 1-2 at 1.) Petitioner also states that: "The California Supreme Court has not yet ruled on my habeas corpus petition. If the California Supreme Court denies my habeas corpus petition, the time for seeking federal habeas review will begin running." (Id. at 2.) Petitioner states that: "I am submitting a request for federal habeas corpus counsel now in anticipation of this contingency," and states that he intends to file a federal habeas petition and needs the assistance of counsel to prepare and litigate a federal petition. (Id.) Petitioner indicates that: "I have been advised that the attorneys who represented me in the state direct appeal, the Office of the State Public Defender, and in the state habeas corpus proceedings, the Habeas Corpus Resource Center, are not able to represent me in these federal habeas corpus proceedings," and states: "I am indigent and do not have the assets to retain an attorney to represent me in these federal habeas corpus proceedings." (Id.)

Yet, upon review, it is evident that in addition to his pending state habeas proceedings, Petitioner's direct appellate proceedings do not appear to be concluded. Petitioner acknowledges that his appellate counsel intends to file a petition for a writ of certiorari, and both the California Supreme Court's and United States Supreme Court's dockets reflect that the deadline for that filing was recently extended to June 22, 2018. 28 U.S.C. § 2244(d)(1)(A) provides in relevant part that the 1-year statute of limitations for filing a federal habeas petition "shall run from the latest of" several dates, one of which is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The Supreme Court has noted that: "The Courts of Appeal have uniformly interpreted 'direct review' in § 2244(d)(1)(A) to encompass review of a state conviction by this Court." Clay v. United States, 537 U.S.

522, 528 n. 3 (2003) (collecting cases); see Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) ("We hold that the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition.") Because the United States Supreme Court has neither affirmed Petitioner's conviction, denied a petition for writ of certiorari, nor has time expired for Petitioner to seek such review, Petitioner's judgment is not yet final. See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) ("For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the 'conclusion of direct review'- when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the 'expiration of the time for seeking such review'- when the time for pursuing direct review in this Court, or in state court, expires.")

While the Local Rule concerning capital habeas corpus proceedings indicates that "counsel must be appointed in every such case at the earliest practicable time," it also appears to acknowledge that the process of appointing counsel will typically take place after the completion of state proceedings. See CivLR HC.3(d)(1) ("When a death judgment is affirmed by the California Supreme Court and any subsequent proceedings in the state courts have concluded, . . .") Given that neither Petitioner's direct review nor state habeas proceedings are completed, the Court is not persuaded that appointment of counsel is appropriate at this time.

### III. CONCLUSION AND ORDER

For the reasons discussed above, Petitioner's motion for leave to proceed IFP is **GRANTED**. Petitioner's request for appointment of counsel is **DENIED** without prejudice as premature. The instant habeas case is **DISMISSED** without prejudice. Petitioner may refile the action and renew his request for appointment of counsel after the conclusion of his pending proceedings.

The Clerk of the Court shall serve a certified copy of this order on Petitioner Randall Clark Wall; Attorney Andrea Asaro, Office of the State Public Defender; Attorney Miro

Cizin, Habeas Corpus Resource Center; Respondent Ronald Davis, Warden of San Quentin Prison; the Clerk of the San Diego County Superior Court; Xavier Becerra, Attorney General of the State of California; Teresa Torreblanca, Deputy Attorney General of the State of California; Summer Stephan, District Attorney of San Diego County; Joseph Schlesinger, California Appellate Project San Francisco; and Elaine Alexander, Appellate Defenders, Inc.

**IT IS SO ORDERED.**

Dated: May 9, 2018

Hon. Cathy Ann Bencivengo
United States District Judge